IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Paul Leslie Cox,    #75206, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>The United States, )<br>)<br>Respondent. )<br>_____ ) | C/A No. 3:12-47-TMC<br><br><br>**ORDER** |

Petitioner, Paul Leslie Cox, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner is currently incarcerated at Lieber Correctional Institution.  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.  On January 26, 2012, Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation ("Report") recommending the Petition be construed as a habeas petition filed pursuant to 28 U.S.C. § 2254, and that it be dismissed without prejudice and without issuance and service of process upon the Respondent. (Dkt. # 7).[1]  The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report herein without a recitation.

The Magistrate Judge makes only a recommendation to this court.  The

---

[1] [1]As the Magistrate Judge noted, Petitioner submitted his claims on a form used to file for habeas relief pursuant to 28 U.S.C. § 2241.  However, Petitioner is challenging a state conviction, and, therefore, as the Magistrate Judge did, this court construes this Petition as an action filed pursuant to 28 U.S.C. § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir.2000) (stating § 2254 petitions challenge the validity of a state court conviction and sentence whereas § 2241 petitions generally challenge the execution or implementation of a sentence, such as

recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.  See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report.  (Dkt. # 7 at 6). However, Petitioner filed no objections to the Report.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 7) and incorporates it herein.  It is therefore **ORDERED** that the Petition in the above-captioned case is

transfers

**DISMISSED** without prejudice and without issuance and service of process upon the Respondent.

      **IT IS SO ORDERED.**

                                    s/ Timothy M. Cain
                                    United States District Judge

Greenville, South Carolina
March 8, 2012

### NOTICE OF RIGHT TO APPEAL

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.